**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JONATHAN MOORE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>APOLLO ENDOSURGERY, INC., JOHN BARR, JEANNETTE BANKES, WILLIAM D. MCCLELLAN, JR., R. KENT MCGAUGHY, JR., CHAS MCKHANN, SHARON O'KEEFE, DAVID C. PACITTI, and JULIE SHIMER,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jonathan Moore ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Apollo Endosurgery, Inc. ("Apollo" or the "Company") or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Boston Scientific Corporation ("Boston Scientific")

2. On November 29, 2022, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Boston Scientific and Boston Scientific's wholly owned subsidiaries, Oban Merger Sub, Inc. ("Merger Sub I") and Oban Merger Sub II LLC ("Merger Sub

II"). The Merger Agreement provides that Apollo stockholders will receive $10.00 in cash per share of Company common stock.

3. The Company's corporate directors subsequently authorized the January 10, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote on the Proposed Transaction, so that they can properly exercise their rights, among other things.[1]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

---

[1] The stockholder vote on the Proposed Transaction currently is scheduled for February 9, 2023.

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Apollo common stock.

10. Defendant Apollo is a Delaware corporation with its principal executive offices located at 1120 S. Capital of Texas Highway, Building 1, Suite #300, Austin, Texas 78746. Apollo's shares trade on the Nasdaq Global Market under the ticker symbol "APEN."

11. Defendant John Barr is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Jeannette Bankes is and has been a director of the Company at all times relevant hereto.

13. Defendant William D. McClellan, Jr. is and has been a director of the Company at all times relevant hereto.

14. Defendant R. Kent McGaughy, Jr. is and has been a director of the Company at all times relevant hereto.

15. Defendant Chas McKhann has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

16. Defendant Sharon O'Keefe is and has been a director of the Company at all times relevant hereto.

17. Defendant David C. Pacitti is and has been a director of the Company at all times relevant hereto.

18. Defendant Julie Shimer is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On November 29, 2022, Boston Scientific and the Company jointly announced in relevant part:

> MARLBOROUGH, Mass., Nov. 29, 2022 /PRNewswire/ -- Boston Scientific Corporation (NYSE: BSX) today announced it has entered into a definitive agreement to acquire Apollo Endosurgery, Inc. (Nasdaq: APEN) for a cash price of $10 per share, reflecting an enterprise value of approximately $615 million.[ ]
>
> The Apollo Endosurgery product portfolio includes devices used during endoluminal surgery (ELS) procedures to close gastrointestinal defects, manage gastrointestinal complications and aid in weight loss for patients suffering from obesity. ELS provides a less-invasive alternative to open and laparoscopic surgery for patients with diseases in the gastrointestinal tract or morbid obesity, while providing the potential for quicker recovery and minimizing the risks of surgical complications.[ ]
>
> "Endoluminal surgery is an emerging field and a core focus for our Endoscopy business," said Mike Jones, senior vice president and president, Endoscopy, Boston Scientific. "We intend to expand our global capabilities in ELS with the differentiated innovation that Apollo Endosurgery offers, and we will continue to focus on procedural adoption as well as professional education in this exciting space. This acquisition also enables us to enter a new adjacency – the endobariatric market – and deliver strong, continued growth across our business."

Apollo Endosurgery is expected to generate net sales of approximately $76 million in 2022,5 as a result of the expected growth in its endoscopic suturing system franchise, including its OverStitch™ Endoscopic Suturing System, OverStitch Sx™ Endoscopic Suturing System and X-Tack™ Endoscopic HeliX Tacking System.6

In July 2022, Apollo Endosurgery received U.S. Food and Drug Administration (FDA) de novo clearance for its Apollo ESG™, Apollo ESG Sx™, Apollo REVISE™ and Apollo REVISE Sx™ Systems, the first devices authorized by the FDA for endoscopic sleeve gastroplasty (ESG) and endoscopic bariatric revision procedures. The company's endobariatric portfolio also includes the Orbera® Intragastric Balloon for endoscopic weight management.

Boston Scientific expects to complete the transaction in the first half of 2023, subject to satisfaction of customary closing conditions. The impact to Boston Scientific's adjusted earnings per share is expected to be immaterial in 2023, and accretive thereafter. The impact to GAAP earnings per share is expected to be less accretive, or more dilutive, as the case may be, due to amortization expense and acquisition-related net charges.

**The Materially Incomplete and Misleading Proxy Statement**

21.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on January 10, 2022. The Proxy Statement, which recommends that Apollo stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; and (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Piper Sandler & Co. ("Piper Sandler"); and (c) potential conflicts of interest faced by Company Insiders.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for the Company*

22.     The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including the line items underlying its forecasted Adjusted EBITDA and Unlevered Free Cash Flow.

5

23. Additionally, the Proxy Statement fails to disclose a summary of the estimated future net operating losses available to Apollo.

*Material Misrepresentations and/or Omissions Concerning Piper Sandler' Financial Analysis*

24. The Proxy Statement fails to disclose material information concerning Piper Sandler' financial analyses.

25. With respect to the *Discounted Cash Flow Analysis* of Apollo performed by Piper Sandler, the Proxy Statement fails to disclose: (a) the Company's terminal value; and (b) the balance sheet data and diluted share information utilized in the analysis.

26. With respect to the *Selected Public Companies Analysis* and *Selected M&A Transactions Analysis* performed by Piper Sandler, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the selected companies and transactions analyzed by the financial advisor.

27. With respect to the *Premiums Paid Analysis* performed by Piper Sandler, the Proxy Statement fails to disclose the transactions analyzed and the individual premiums observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

28. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

29. Specifically, the Proxy Statement fails to disclose whether any of Boston Scientific's proposals or indications of interest mentioned management retention or director participation in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation. In addition, the Proxy Statement fails to disclose the details of any employment and retention-related discussions and negotiations that

occurred between Boston Scientific and Apollo executive officers, including who participated in all such communications, when they occurred and their content.

30. The omission of the above-referenced information renders statements in the "Financial Projections," "Opinion of Piper Sandler & Co.," "Background of the Merger" and "Interests of Apollo's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the vote on the Proposed Transaction, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Apollo

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Apollo is liable as the issuer of these statements.

34. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

35. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

37. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

38. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

39. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Apollo within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Apollo and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Apollo, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction,

9

unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

  B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

  C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

  D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

  E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: December 29, 2022　　　　　　　　**LONG LAW, LLC**

            By: */s/ Brian D. Long*
              Brian D. Long (#4347)
              3828 Kennett Pike, Suite 208
              Wilmington, DE 19807
              Telephone: (302) 729-9100
              Email: BDLong@LongLawDE.com

              *Attorneys for Plaintiff*